#### IN THE

# SUPREME COURT OF TENNESSEE,

#### FOR THE

# MIDDLE DIVISION.

---

NASHVILLE, . . . . . DECEMBER TERM, 1874.

---

E. E. ROGERS *et als. v.* G. W. SPARKMAN.

1. BONDS. *Of Superintendents of Public Schools. Actions on by Chairman of County Court. Good. When.* Where the chairman of a county court sues a superintendent of free schools, and his sureties on his bond as such superintendent, in his own name as chairman of the county court, etc., and not in the name of the State, it will be sufficient under sec. 1033*a* of the Code.

Code cited: Sec. 1033*a*.

2. SAME. *Same. Pleading and Practice.* The declaration is not defective for insufficiently assigning the breach of the bond, which declares that the superintendent failed and refused to pay over and account for the free school moneys received by him for the use of Van Buren county, etc.

Rogers *v.* Sparkman.

3. PLEADING AND PRACTICE. *Attachment dismissals. Effect of.* Where an ancillary attachment has been levied on land, but in the progress of the case is dismissed for insufficiency of the affidavit upon which it was issued, it will be error to order a sale of the property so attached upon judgment being had at a subsequent term against the defendant. If a second attachment has been issued upon the same affidavit, the result will not be changed.

---

FROM VAN BUREN.

---

Appeal from the Circuit Court. McCONNELL, Judge.

No counsel marked.

NICHOLSON, C. J., delivered the opinion of the court.

Sparkman, as Chairman of the County Court of Van Buren county, sued E. E. Rodgers, as superintendent of free schools, and his sureties on his bond as such superintendent, for money received by him, which he failed to account for. The bond was given in 1868, payable to the State of Tennessee, in the penalty of $3,000, conditioned to pay over and account for, according to law, all moneys that might come to his hands as such superintendent. The suit was by summons and ancillary attachment in the name of G. W. Sparkman, as chairman of the county court. It is objected that the suit ought to have been in the name of the State of Tennessee, but by the act of 1870, carried into the Code, sec. 1033*a*, the county judge, or chairman of the county court, was required to settle with former superintendents, and to sue for any balance in their hands in the name of said judge or chairman. The suit was therefore properly brought.

It is objected that the declaration in the case is fatally defective, because it is not averred that any money ever came into the hands of E. E. Rodgers as county superintendent. The breach of the bond assigned is, that the superintendent failed and refused to pay over and account for the free school moneys received by him for the use of Van Buren county. This breach is sufficiently assigned.

In the progress of the cause the circuit judge discharged and dismissed the attachment because the affidavit on which it was issued was insufficient in substance. Nevertheless, after the cause was submitted to the jury, and they found a verdict against the defendants for about $639, and judgment was rendered thereon, the court proceeded to order a sale of the land attached.

This was error, as the attachment had been discharged and dismissed at a former term.

It appears that a second ancillary attachment was issued and levied on the same lands, but as far as the record shows, it issued without any additional affidavit, and was therefore a nullity.

The judgment against the defendants will be affirmed, but so much of it as orders an enforcement of the attachment by sale of the land will be reversed.